## ORPHANS' COURT OF BALTIMORE CITY.

Filed June 21, 1901.

IN THE MATTER OF THE ESTATE OF WM. W. YOUNG.

*Thomas S. Hodson* and *Henry Shirk* for petitioner.

*Roger W. Cull* for respondent.

Argued before SAVAGE, C. J., BLOCK and O'BRIEN, JJ.

O'BRIEN, J.—

The petition of John Young, father of William W. Young, deceased, was filed in court on June 18th, 1900; and on June 26th, 1900, an answer was filed by Josephine Young, administratrix of the estate of William W. Young. On December 10th, 1900, a plea to the jurisdiction of the court was filed, and after argument was overruled.

On November 1st, 1900, an amended petition was filed by John Young; and on November 10th, 1900, an answer to the amended petition was filed by the administratrix. The petition and amended petition claimed that the petitioner, John Young, as distributee of the estate, is entitled to one-half of the personal estate; that the administratrix has filed an inventory of the personal estate, amounting only to two hundred and seventy-four dollars and sixty cents ($274.60), and that she has not returned any cash on hand or any monies on deposit belonging to the estate of the said William W. Young other than the sum of $274.60. It is further claimed that there is on deposit, or was at the time of the death of William W. Young, in the Eutaw Savings Bank the sum of fifty-eight dollars and sixty-two cents ($58.62); in the Savings Bank of Baltimore twelve dollars and thirty-nine cents ($12.39); and in the Security Storage and Trust Company of Baltimore, fifteen hundred and seven dollars and fifty cents ($1,507.50); all of which money was deposited in the names of William W. Young and Josephine

Young, subject to the order of either or the survivor; and that all said sums of money were the property of the said William W. Young, deceased, and not of Josephine Young at the time of deposit, and at the time of the death of William W. Young. The petitioner further claimed that he is entitled to an order of the Orphans' Court requiring said administratrix to file an additional inventory covering the said sums of money deposited as aforesaid.

The answers of Josephine Young, administratrix, admitted the receipt of the sum of two hundred and seven dollars and sixty-nine cents ($207.69), but states that it has been applied to the payment of the debts, and that in her account she will charge herself with said amount; and denies that any other money has come into her hands. The answer further denies that any of the other monies was the property of the said William W. Young, deceased, and not of Josephine Young at the time of deposit or at the time of his death; and claims that all said monies were deposited by and belonged to the respondent in her own individual right, and not as administratrix, and are not returnable as part of the estate of the deceased.

The petition and amended petition are brought under Section 239, of Article 93, of the Code. The plea to the jurisdiction of the court, filed in the amended answer, is based firstly, on the theory that the court has no right or power to decide a question of title to personal property in a case of this kind; and secondly, that as the question of title in this case depends to some extent at least upon the construction of the entries in the Savings Banks' books, that the court has no right to construe those entries.

On June 11th, 1901, the case was set for trial, and the question of jurisdiction was fully argued. Under the authority of the recent case of Linthicum vs. Polk, we hold that the court has jurisdiction; and that under the authority of Pole vs. Simmons and Pole, executors, in 45 Md., we deem that we have full authority to construe any written paper that might be offered in evidence in determining the question of title, and thereover rule the plea to the jurisdiction.

Testimony was then taken, and after full and exhaustive argument upon both sides, the case was submitted to the court.

During the examination of witnesses exceptions were reserved upon both sides to the admission of parts of the testimony, and they will be disposed of in the course of this opinion. We do not think it necessary to refer at any great length to the testimony, but rather to give our conclusions. The main question before the court is "to whom the money belonged at the time of the death of William W. Young?" From a careful reading of all the testimony we have arrived at the conclusion that the preponderance of proof is in favor of title in the money deposited in the savings banks in the respondent, Josephine Young, administratrix. The evidence of John Young, in so far as we deem it admissible, is of little importance in determining the question; and the evidence of Mrs. Young, the wife of John Young, is mainly hearsay, and of little weight. The character of the evidence of Mrs. Ryan, the sister of William W. Young, deceased, must be weighed in the light of the circumstances of the several interviews to which she testifies. There is nothing in her statements which in our opinion sustains the view contended for by the petitioner, and that is, that admissions were made by Josephine Young, administratrix, that the money in the banks belonged not to her, but to her husband. On the contrary we are of the opinion that the conversations related by Mrs. Ryan were of a general character and were such that they may well have been forgotten in their substance by Mrs. Josephine Young; and we infer that the fact that in her evidence she positively denied that she made any of the statements testified to by Mrs. Ryan.

The leading facts in this case are, that during the married life of William W. Young he gave to his wife from time to time monies which he had saved, and that she received other monies from her mother, and that at a later period her husband, William W. Young, needing money for the purpose of going into business, took all the accumulations of his wife, with her consent, amounting to three thousand dollars ($3,000.00). There is nothing in the evidence that shows that he made her any promise to return said money, which want of evidence would be important if the wife was in court

164

making a claim to money belonging to her husband's estate, but the facts of this case are quite different. William W. Young succeeded in the business in which he was engaged, and as the testimony clearly shows, always recognized that he had used his wife's money, or money borrowed from his wife; which money he felt that he ought to repay to his wife; and out of the proceeds of some three thousand dollars ($3,000), received by him from the business in which he had engaged, he paid to his wife the sum of fifteen hundred dollars ($1,500). Some time after said payment he and his wife together made the deposit in the Security Company. We have no doubt but that at that time both Mr. Young, deceased, and the respondent, his wife, acknowledged between themselves that that money was the property of the wife.

We do not think it important to consider the question of the possession of the bank books, although the evidence establishes the fact that they were, as a rule, in the possession of the wife, but not so exclusively, but that the husband could obtain them with her consent for any proper purpose.

We think that the money in the Eutaw Savings Bank and the Savings Bank of Baltimore come under the same view as the larger amount deposited in the Security Storage and Trust Company; nor do we think it important to consider how far the evidence of the entries in the books and the invalid will offered in evidence show an intention on the part of William W. Young that all his property at the time of his death should go to his wife. We will sign an order dismissing the petition and the amended petition.